# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: <u>4:19−cv−00235−GAF</u>
### *Internal Use Only*

Wullschleger et al v. Royal Canin U.S.A., Inc. et al
Assigned to: District Judge Gary A. Fenner
Demand: $5,000,000
Case in other court:  8th Circuit Court of Appeals, 19−02645
        Circuit Court of Jackson County, Missouri, 1916−CV03690
Cause: 28:1441 Petition for Removal

Date Filed: 03/26/2019
Date Terminated: 03/22/2022
Jury Demand: Both
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

**Plaintiff**

**Anastasia Wullschleger**
*On behalf of themselves and all others similarly situated*

represented by **Edward Coyne , III**
Ward and Smith, P.A.
127 Racine Drive
Wilmington, NC 28406
910−794−4887
Email: ejcoyne@wardandsmith.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**James P. Frickleton**
Bartimus Frickleton Robertson Rader PC − Leawood
4000 W. 114th Street
Ste 310
Leawood, KS 66211
913−266−2300
Fax: 913−266−2366
Email: jimf@bflawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Luke Tompkins**
Ward and Smith, P.A.
751 Corporate Center Drive, Suite 300
Raleigh, NC 27607
919−277−9176
Email: lctompkins@wardandsmith.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lynwood P Evans**
Post Office Box 8088
Greenville, NC 27835
252–215–4000
Email: lpe@wardandsmith.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael P Morrill**
Pope McGlamry – Columbus
1200 6th Avenue
Columbus, GA 31901
706–324–0050
Email: mikemorrill@pmkm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Wade H Tomlinson , III**
Pope McGlamry – Columbus
1200 6th Avenue
Columbus, GA 31901
706–324–0050
Email: triptomlinson@popemcglamry.com
***TERMINATED: 01/24/2022***
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Anne Marie Marchael**
Bartimus Frickleton Robertson Rader PC –
Leawood
4000 W. 114th Street
Ste 310
Leawood, KS 66211
913–266–2300
Fax: 913–266–2366
Email: amarchael@thegosslawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Plaintiff**

**Geraldine Brewer**
*On behalf of themselves and all others
similarly situated*

represented by **Edward Coyne , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**James P. Frickleton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Luke Tompkins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lynwood P Evans**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael P Morrill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Wade H Tomlinson , III**
(See above for address)
*TERMINATED: 01/24/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Anne Marie Marchael**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

V.

**Defendant**

**Royal Canin U.S.A., Inc.**      represented by    **Benjamin M Greenblum**
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005–5901
202–434–5000
Email: bgreenblum@wc.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**John E Schmidtlein**
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005−5901
202−434−5000
Email: jschmidtlein@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael S. Hargens**
Husch Blackwell LLP − KCMO
4801 Main Street
Suite 1000
Kansas City, MO 64112−2551
(816) 983−8000
Fax: (816) 983−8080
Email:
michael.hargens@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Richmond T Moore**
725 12th St NW
Washington, DC 20005
202−434−5000
Email: rmoore@wc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Stephen D Raber**
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
202−434−5000
Fax: 202−434−5029
Email: sraber@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Susanna R Allen**
Yetter Coleman LLP
811 Main Street

Suite 4100
Houston, TX 77002
713–632–8000
Email: sallen@yettercoleman.com
*TERMINATED: 12/29/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Charles W. German**
GM Law PC – KC
1201 Walnut St.
20th Floor
Kansas City, MO 64106
(816) 471–7700
Fax: (816) 471–2221
Email: charleyg@germanmay.com
*TERMINATED: 03/03/2020*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Jason M. Hans**
GM Law PC – KC
1201 Walnut St.
20th Floor
Kansas City, MO 64106
816–471–7700
Email: jasonh@gmlawpc.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Kendra Frazier**
GM Law PC – KC
1201 Walnut St.
20th Floor
Kansas City, MO 64106
816–471–7700
Email: kendraf@germanmay.com
*TERMINATED: 03/10/2021*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Defendant**

**Nestle Purina PetCare Company**          represented by   **Bryan Merryman**
White and Case
505 South Flower Street
Suite 2700
Los Angeles, CA 90071–2433
213–620–7802
Email: bmerryman@whitecase.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Christopher M Curran**
701 Thirteenth Street NW
Washington, DC 20005−3807
202−626−3600
Email: ccurran@whitecase.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**J Frank Hogue**
701 Thirteenth Street NW
Washington, DC 20005−3807
202−626−3623
Email: fhogue@whitecase.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Catherine Simonsen**
555 South Flower Street
Suite 2700
Los Angeles, CA 90071−2433
213−620−7820
Email: catherine.simonsen@whitecase.com
***TERMINATED: 02/17/2022***
*PRO HAC VICE*
*Bar Status: Phv*

**Michael S. Hargens**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
| --- | --- | --- | --- |
| 03/26/2019 | 1 | | NOTICE OF REMOVAL from Circuit Court of Jackson County, Missouri County, case number 1916−CV03690, filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. Filing fee $ 400, receipt number AMOWDC−6238765. (Attachments: # 1 Exhibit A − State Court Filings, # 2 Exhibit B − State Notice of Removal, # 3 Civil Cover Sheet)(Hargens, Michael) (Entered: 03/26/2019) |
| 03/26/2019 | 2 | | DISCLOSURE OF CORPORATE INTERESTS filed by Michael S. Hargens on behalf of Defendant Nestle Purina PetCare Company.(Hargens, Michael) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/26/2019) |
| 03/27/2019 | 3 | | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to an outside mediator.** (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 03/27/2019) |
| 03/27/2019 | 4 | | RULE 16 NOTICE. Proposed scheduling order due by 5/11/2019. Rule 26 conference due by 5/1/2019. Signed on 3/27/19 by District Judge Gary A. Fenner. (Mitchell, Lisa) (Entered: 03/27/2019) |
| 04/01/2019 | 5 | | Joint MOTION for order to Set Date for Motion to Remand and Extend Defendants' Responsive Pleading Deadline filed by Michael S. Hargens on behalf of All Defendants. Suggestions in opposition/response due by 4/15/2019 unless otherwise directed by the court. (Hargens, Michael) (Entered: 04/01/2019) |
| 04/02/2019 | 6 | | NOTICE of appearance by Charles W. German on behalf of Royal Canin U.S.A., Inc. (Attorney Charles W. German added to party Royal Canin U.S.A., Inc.(pty:dft))(German, Charles) (Entered: 04/02/2019) |
| 04/02/2019 | 7 | | NOTICE of appearance by Jason M. Hans on behalf of Royal Canin U.S.A., Inc. (Attorney Jason M. Hans added to party Royal Canin U.S.A., Inc.(pty:dft))(Hans, Jason) (Entered: 04/02/2019) |
| 04/02/2019 | 8 | | Motion to allow John E. Schmidtlein to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6250720) filed by Charles W. German on behalf of Royal Canin U.S.A., Inc.. (German, Charles) (Entered: 04/02/2019) |
| 04/02/2019 | 9 | | Motion to allow Susanna R. Allen to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6250753) filed by Charles W. German on behalf of Royal Canin U.S.A., Inc.. (German, Charles) (Entered: 04/02/2019) |
| 04/02/2019 | 10 | | Motion to allow Benjamin M. Greenblum to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6250759) filed by Charles W. German on behalf of Royal Canin U.S.A., Inc.. (German, Charles) (Entered: 04/02/2019) |
| 04/03/2019 | 11 | | ORDER granting 5 motion to set date for motion to remand to be filed and extend defendants' responsive pleading deadline. Motion to Remand due 4/25/19. Signed on 4/3/19 by District Judge Gary A. Fenner. (Mitchell, Lisa) Modified on 4/3/2019 to correct clerical error and NEF regenerated (Mitchell, Lisa). (Entered: 04/03/2019) |
| 04/03/2019 | 12 | | ORDER granting 8 , 9 , & 10 motion to appear pro hac vice entered by Clerk of Court. Attorneys John E Schmidtlein, Susanna R Allen, and Benjamin M Greenblum for Royal Canin U.S.A., Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive |

| | | | electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 04/03/2019) |
|---|---|---|---|
| 04/05/2019 | 13 | | Motion to allow J. Frank Hogue to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6258721) filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. (Hargens, Michael) (Entered: 04/05/2019) |
| 04/05/2019 | 14 | | Motion to allow Christopher C Curran to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6258731) filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. (Hargens, Michael) (Entered: 04/05/2019) |
| 04/05/2019 | 15 | | Motion to allow Catherine Simonsen to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6258736) filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. (Hargens, Michael) (Entered: 04/05/2019) |
| 04/05/2019 | 16 | | Motion to allow Bryan A. Merryman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6258737) filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. (Hargens, Michael) (Entered: 04/05/2019) |
| 04/08/2019 | 17 | | ORDER granting 13 , 14 , 15 ,& 16 motion to appear pro hac vice entered by Clerk of Court. Attorneys J Frank Hogue, Christopher M Curran, Catherine Simonsen, and Bryan Merryman for Nestle Purina PetCare Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 04/08/2019) |
| 04/10/2019 | 18 | | NOTICE of filing *Consent to Removal* by Royal Canin U.S.A., Inc. (Hans, Jason) (Entered: 04/10/2019) |
| 04/10/2019 | 19 | | DISCLOSURE OF CORPORATE INTERESTS filed by Jason M. Hans on behalf of Defendant Royal Canin U.S.A., Inc..(Hans, Jason) (Entered: 04/10/2019) |
| 04/11/2019 | 20 | | Motion to allow Michael P. Morrill to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6266506) filed by James P. Frickleton on behalf of Geraldine Brewer, Anastasia Wullschleger. (Frickleton, James) (Entered: 04/11/2019) |
| 04/11/2019 | 21 | | Motion to allow Wade H. Tomlinson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6266524) filed by James P. Frickleton on behalf of All Plaintiffs. (Frickleton, James) (Entered: 04/11/2019) |
| 04/11/2019 | 22 | | ORDER granting 20 & 21 motion to appear pro hac vice entered by Clerk of Court. Attorneys Wade H Tomlinson, III and Michael P Morrill for Anastasia Wullschleger and Geraldine Brewer allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 04/11/2019) |
| 04/23/2019 | 23 | MOTION to join *Mars Petcare as a Required Party* filed by Jason M. Hans on behalf of Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 5/7/2019 unless otherwise directed by the court. (Hans, Jason) (Entered: 04/23/2019) |
| 04/23/2019 | 24 | SUGGESTIONS in support re 23 MOTION to join *Mars Petcare as a Required Party* filed by Jason M. Hans on behalf of Defendant Royal Canin U.S.A., Inc.. (Related document(s) 23 ) (Hans, Jason) (Entered: 04/23/2019) |
| 04/24/2019 | 25 | Joint MOTION for extension of time *for Rule 26(f) Conference and to File Discovery Plan/Proposed Scheduling Order* filed by Jason M. Hans on behalf of Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 5/8/2019 unless otherwise directed by the court. (Hans, Jason) (Entered: 04/24/2019) |
| 04/24/2019 | 26 | MOTION to remand filed by Wade H Tomlinson, III on behalf of Geraldine Brewer, Anastasia Wullschleger. Suggestions in opposition/response due by 5/8/2019 unless otherwise directed by the court. (Attachments: # 1 Memorandum in Support)(Tomlinson, Wade) (Entered: 04/24/2019) |
| 04/24/2019 | 27 | MOTION to join *Nestle Purina Petcare Company's Joinder to Defendant Royal Canin USA, Inc.'s Motion to Join Mars Petcare as a Required Party* filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. Suggestions in opposition/response due by 5/8/2019 unless otherwise directed by the court. (Hargens, Michael) (Entered: 04/24/2019) |
| 05/07/2019 | 28 | SUGGESTIONS in opposition to motion re 27 MOTION to join *Nestle Purina Petcare Company's Joinder to Defendant Royal Canin USA, Inc.'s Motion to Join Mars Petcare as a Required Party* filed by Wade H Tomlinson, III on behalf of Plaintiffs Geraldine Brewer, Anastasia Wullschleger. Reply suggestions due by 5/21/2019 unless otherwise directed by the court. (Tomlinson, Wade) Modified on 5/8/2019 to correct event text (Houston, Kiambu). (Entered: 05/07/2019) |
| 05/08/2019 | 29 | SUGGESTIONS in opposition re 26 MOTION to remand filed by Michael S. Hargens on behalf of Defendants Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. Reply suggestions due by 5/22/2019 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Related document(s) 26 ) (Attorney Michael S. Hargens added to party Royal Canin U.S.A., Inc.(pty:dft))(Hargens, Michael) (Entered: 05/08/2019) |
| 05/21/2019 | 30 | REPLY SUGGESTIONS in support re 26 MOTION to remand filed by Wade H Tomlinson, III on behalf of Plaintiffs Geraldine Brewer, Anastasia Wullschleger. (Related document(s) 26 ) (Tomlinson, Wade) Modified on 5/22/2019 to correct docket text (Houston, Kiambu). (Entered: 05/21/2019) |
| 05/21/2019 | 31 | |

| | | | |
|---|---|---|---|
| | | | REPLY SUGGESTIONS to motion re 23 MOTION to join *Mars Petcare as a Required Party* filed by Jason M. Hans on behalf of Defendant Royal Canin U.S.A., Inc.. (Related document(s) 23 ) (Hans, Jason) (Entered: 05/21/2019) |
| 06/13/2019 | 32 | | ORDER terminating 23 motion to join; terminating 25 motion for extension of time; granting 26 motion to remand; terminating 27 motion to join. Signed on 6/13/19 by District Judge Gary A. Fenner. (Mitchell, Lisa) (Entered: 06/13/2019) |
| 06/13/2019 | 33 | | CLERK'S JUDGMENT (Mitchell, Lisa) (Entered: 06/13/2019) |
| 06/13/2019 | | | Remand letter and instructions sent to Circuit Court of Jackson County, Missouri. **This is a text entry only – no document is attached** (Houston, Kiambu) (Entered: 06/13/2019) |
| 08/05/2019 | 34 | | NOTICE OF APPEAL as to 32 Order on Motion to Join, Order on Motion for Extension of Time, Order on Motion to Remand, by Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. Filing fee $ 505, receipt number Not Paid. This appeal was filed directly with the 8th Circuit Court of Appeals (Terry, Jason) (Entered: 08/05/2019) |
| 08/05/2019 | 35 | | USCA Case Number from 8th Circuit Court of Appeals is 19–2645 for 34 Notice of Appeal, filed by Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. Briefing schedule entered by the Court of Appeals is attached. (Attachments: # 1 Schedule)(Terry, Jason) (Entered: 08/05/2019) |
| 08/06/2019 | | | FILING FEE PAID for Notice of Appeal to Eighth Circuit Court of Appeals. Receipt no. AMOWDC–6432201 for $505 filing fee. (Hargens, Michael) (Entered: 08/06/2019) |
| 03/03/2020 | 36 | | MOTION to withdraw as attorney filed by Charles W. German on behalf of Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 3/17/2020 unless otherwise directed by the court. (German, Charles) (Entered: 03/03/2020) |
| 03/03/2020 | 37 | | ORDER granting 36 motion to withdraw as attorney. Attorney Charles W. German terminated. Signed on 3/3/20 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 03/03/2020) |
| 03/13/2020 | 38 | | USCA Judgment and/or Opinion as to 34 Notice of Appeal, filed by Nestle Purina PetCare Company, Royal Canin U.S.A., Inc. **This is a preliminary judgment and/or opinion of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals.** It is hereby ordered and adjudged that the judgment of the district court in this cause is vacated and the cause is remanded to the district court for proceedings consistent with the opinion of this court. (Attachments: # 1 Opinion)(Terry, Jason) (Entered: 03/13/2020) |
| 04/28/2020 | 39 | | MANDATE of US COURT OF APPEALS as to 34 Notice of Appeal, filed by Nestle Purina PetCare Company, Royal Canin U.S.A., Inc. with mandate issued on 04/23/2020. (Terry, Jason) (Entered: 04/28/2020) |
| 05/06/2020 | 40 | | Joint MOTION to stay *Proceedings* filed by Michael S. Hargens on behalf of All Defendants. Suggestions in opposition/response due by 5/20/2020 unless otherwise directed by the court. (Hargens, Michael) (Entered: 05/06/2020) |

| 05/07/2020 | 41 | | ORDER granting 40 motion to stay. Defendants to answer or otherwise respond to Plaintiffs Complaint forty five (45) days after the United States Supreme Court issues a decision finally resolving the Supreme Court proceedings. Signed on 5/7/20 by District Judge Gary A. Fenner. (Mitchell, Lisa) (Entered: 05/07/2020) |
|---|---|---|---|
| 07/01/2020 | 42 | | NOTICE of filing *Notice of Firm Name Change* by Royal Canin U.S.A., Inc. (Hans, Jason) (Entered: 07/01/2020) |
| 08/06/2020 | | | WRIT OF CERTIORARI Petition filed. 8th Circuit Court of Appeals Case Number: 19−2645. This is a text entry only. There is no document attached. (Terry, Jason) (Entered: 08/31/2020) |
| 10/19/2020 | | | WRIT OF CERTIORARI Denied. 8th Circuit Court of Appeals Case Number: 19−2645. Supreme Court Case Number: 20−152. (Terry, Jason) (Entered: 10/22/2020) |
| 11/11/2020 | 43 | | AMENDED COMPLAINT against All Defendants filed by James P. Frickleton on behalf of All Plaintiffs.(Frickleton, James) (Entered: 11/11/2020) |
| 11/11/2020 | 44 | | MOTION to remand *for Declination of Supplemental Jurisdiction and Remand to State Court* filed by James P. Frickleton on behalf of All Plaintiffs. Suggestions in opposition/response due by 11/25/2020 unless otherwise directed by the court. (Frickleton, James) (Entered: 11/11/2020) |
| 11/11/2020 | 45 | | SUGGESTIONS in support re 44 MOTION to remand *for Declination of Supplemental Jurisdiction and Remand to State Court* filed by James P. Frickleton on behalf of Plaintiffs Geraldine Brewer, Anastasia Wullschleger. (Related document(s) 44 ) (Frickleton, James) (Entered: 11/11/2020) |
| 11/17/2020 | 46 | | MOTION for extension of time to file response/reply as to 45 Suggestions in Support of Motion, 43 Amended Complaint, 44 MOTION to remand *for Declination of Supplemental Jurisdiction and Remand to State Court* , MOTION for extension of time to file answer filed by Jason M. Hans on behalf of Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 12/1/2020 unless otherwise directed by the court. (Related document(s) 45 , 43 , 44 ) (Hans, Jason) (Entered: 11/17/2020) |
| 11/18/2020 | 47 | | NOTICE of appearance by Kendra Frazier on behalf of Royal Canin U.S.A., Inc. (Attorney Kendra Frazier added to party Royal Canin U.S.A., Inc.(pty:dft))(Frazier, Kendra) (Entered: 11/18/2020) |
| 11/18/2020 | 48 | | ORDER granting 46 motion for extension of time to file response/reply re 44 MOTION to remand *for Declination of Supplemental Jurisdiction and Remand to State Court* (Suggestions in opposition/response due by 12/9/2020 unless otherwise directed by the court.); granting 46 Motion for Extension of Time to Answer. All Defendants answer due 12/9/20. Signed on 11/18/20 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 11/18/2020) |
| 11/19/2020 | 49 | | AMENDED ORDER granting 46 MOTION for extension of time to file response/reply as to 45 Suggestions in Support of Motion, 43 Amended Complaint, 44 MOTION to remand *for Declination of Supplemental Jurisdiction and Remand to State Court* MOTION for extension of time to file answer filed by Royal Canin U.S.A., Inc. Suggestions in opposition to plaintiffs' |

| | | | |
|---|---|---|---|
| | | | motion to remand for declaration of supplemental jurisdiction and remand to state court due 12/9/20. Defendants' answer due within 45 days of the court's ruling on the motion to remand. Signed on 11/19/20 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 11/19/2020) |
| 11/23/2020 | 50 | | Motion to allow Stephen D. Raber to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7156993) filed by Jason M. Hans on behalf of Royal Canin U.S.A., Inc.. (Hans, Jason) (Entered: 11/23/2020) |
| 11/23/2020 | 51 | | ORDER granting 50 motion to appear pro hac vice entered by Clerk of Court. Attorney Stephen D Raber for Royal Canin U.S.A., Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/23/2020) |
| 12/09/2020 | 52 | | SUGGESTIONS in opposition re 44 MOTION to remand *for Declaration of Supplemental Jurisdiction and Remand to State Court* filed by Michael S. Hargens on behalf of Defendants Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. Reply suggestions due by 12/23/2020 unless otherwise directed by the court. (Related document(s) 44 ) (Hargens, Michael) (Entered: 12/09/2020) |
| 12/09/2020 | 53 | | NOTICE of filing *Request for Judicial Notice* by Nestle Purina PetCare Company, Royal Canin U.S.A., Inc. re 52 Suggestions in Opposition to Motion, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Hargens, Michael) (Entered: 12/09/2020) |
| 12/22/2020 | 54 | | NOTICE of filing *Plaintiffs' Response to Defendants' Request for Judicial Notice* by Geraldine Brewer, Anastasia Wullschleger re 53 Notice of filing, (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Frickleton, James) (Entered: 12/22/2020) |
| 12/22/2020 | 55 | | REPLY SUGGESTIONS to motion re 44 MOTION to remand *for Declaration of Supplemental Jurisdiction and Remand to State Court* filed by James P. Frickleton on behalf of Plaintiffs Geraldine Brewer, Anastasia Wullschleger. (Related document(s) 44 ) (Frickleton, James) (Entered: 12/22/2020) |
| 12/28/2020 | 56 | | MOTION to withdraw as attorney filed by Susanna R Allen on behalf of Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 1/11/2021 unless otherwise directed by the court. (Allen, Susanna) (Entered: 12/28/2020) |
| 12/28/2020 | 57 | | Motion to allow Richmond T. Moore to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7203697) filed by Jason M. Hans on behalf of Royal Canin U.S.A., Inc.. (Hans, Jason) (Entered: 12/28/2020) |
| 12/28/2020 | 58 | | ORDER granting 57 motion to appear pro hac vice entered by Clerk of Court. Attorney Richmond T Moore for Royal Canin U.S.A., Inc. allowed to appear |

| | | |
|---|---|---|
| | | pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 12/29/2020) |
| 12/29/2020 | 59 | ORDER granting 56 motion to withdraw as attorney. Attorney Susanna R Allen terminated. Signed on 12/29/20 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 12/29/2020) |
| 03/10/2021 | 60 | MOTION to withdraw as attorney filed by Kendra Frazier on behalf of Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 3/24/2021 unless otherwise directed by the court. (Frazier, Kendra) (Entered: 03/10/2021) |
| 03/10/2021 | 61 | ORDER granting 60 motion to withdraw as attorney. Attorney Kendra Frazier terminated. Signed on 3/10/21 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 03/10/2021) |
| 05/21/2021 | 62 | ORDER denying 44 motion to remand. Signed on 5/21/21 by District Judge Gary A. Fenner. (Mitchell, Lisa) (Entered: 05/21/2021) |
| 07/01/2021 | 63 | NOTICE of change of address by James P. Frickleton (Frickleton, James) (Entered: 07/01/2021) |
| 07/06/2021 | 64 | MOTION to dismiss case (*Plaintiff's First Amended Complaint*) filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. Suggestions in opposition/response due by 7/20/2021 unless otherwise directed by the court. (Hargens, Michael) (Entered: 07/06/2021) |
| 07/06/2021 | 65 | SUGGESTIONS in support re 64 MOTION to dismiss case (*Plaintiff's First Amended Complaint*) filed by Michael S. Hargens on behalf of Defendants Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. (Related document(s) 64 ) (Hargens, Michael) (Entered: 07/06/2021) |
| 07/13/2021 | 66 | ORDER directing the parties to file their joint Proposed scheduling order by 8/3/2021. Signed on 7/13/21 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 07/13/2021) |
| 07/13/2021 | 67 | Joint MOTION for extension of time (*stipulated) to brief defendants' Motion to dismiss* filed by James P. Frickleton on behalf of Geraldine Brewer, Anastasia Wullschleger. Suggestions in opposition/response due by 7/27/2021 unless otherwise directed by the court. (Frickleton, James) (Entered: 07/13/2021) |
| 07/20/2021 | 68 | ORDER granting 67 motion for extension of time. Plaintiffs' opposition to motion to dismiss due by 8/19/2021; defendants' reply due within 21 days of plaintiffs' response unless otherwise directed by the court. Signed on 7/20/21 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document |

| | | | |
|---|---|---|---|
| | | | is attached. (Mitchell, Lisa) (Entered: 07/20/2021) |
| 08/02/2021 | 69 | | Joint PROPOSED SCHEDULING ORDER *Preliminary* by Geraldine Brewer, Anastasia Wullschleger. (Frickleton, James) (Entered: 08/02/2021) |
| 08/05/2021 | 70 | | WITHDRAWN AS BEING ENTERED IN ERROR ORDER directing the parties to file their joint proposed scheduling order re 69 Proposed Scheduling Order filed by Anastasia Wullschleger, Geraldine Brewer Proposed scheduling order due by 9/3/2021. Signed on 8/5/21 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) Modified on 8/11/2021 (Mitchell, Lisa). (Entered: 08/05/2021) |
| 08/11/2021 | 71 | | ORDER RE PRELIMINARY PROPOSED SCHEDULING ORDER. The parties shall submit a joint, detailed proposed scheduling order meeting all requirements of L.R. 16.1(d) and 26.1(c) and Rule 26(f)(3) within 14 days of the Rule 26(f) conference. Signed on 8/11/21 by District Judge Gary A. Fenner. (Mitchell, Lisa) (Entered: 08/11/2021) |
| 08/16/2021 | 72 | | SUGGESTIONS in opposition re 64 MOTION to dismiss case *(Plaintiff's First Amended Complaint)* filed by James P. Frickleton on behalf of Plaintiffs Geraldine Brewer, Anastasia Wullschleger. Reply suggestions due by 8/30/2021 unless otherwise directed by the court. (Related document(s) 64 ) (Frickleton, James) (Entered: 08/16/2021) |
| 08/23/2021 | 73 | | NOTICE of filing *Notice of Supplemental Authority* by Geraldine Brewer, Anastasia Wullschleger (Attachments: # 1 Exhibit A)(Frickleton, James) (Entered: 08/23/2021) |
| 09/07/2021 | 74 | | REPLY SUGGESTIONS in support re 64 MOTION to dismiss case *(Plaintiff's First Amended Complaint) (Reply Suggestions)* filed by Michael S. Hargens on behalf of Defendants Nestle Purina PetCare Company, Royal Canin U.S.A., Inc.. (Related document(s) 64 ) (Hargens, Michael) Modified on 9/8/2021 to correct docket text(Houston, Kiambu). (Entered: 09/07/2021) |
| 01/24/2022 | 75 | | MOTION to withdraw as attorney filed by Wade H Tomlinson, III on behalf of Geraldine Brewer, Anastasia Wullschleger. Suggestions in opposition/response due by 2/7/2022 unless otherwise directed by the court. (Tomlinson, Wade) (Entered: 01/24/2022) |
| 01/24/2022 | 76 | | ORDER granting 75 motion to withdraw as attorney. Attorney Wade H Tomlinson, III terminated. Signed on 1/24/22 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 01/24/2022) |
| 02/17/2022 | 77 | | MOTION to withdraw as attorney filed by Michael S. Hargens on behalf of Nestle Purina PetCare Company. Suggestions in opposition/response due by 3/3/2022 unless otherwise directed by the court. (Hargens, Michael) (Entered: 02/17/2022) |
| 02/17/2022 | 78 | | ORDER granting 77 motion to withdraw as attorney. Attorney Catherine Simonsen terminated. Signed on 2/17/22 by District Judge Gary A. Fenner. This is a TEXT ONLY ENTRY. No document is attached. (Mitchell, Lisa) (Entered: 02/17/2022) |
| 03/08/2022 | 79 | | Motion to allow Lynwood P. Evans to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7837240) filed by James P. Frickleton on behalf of |

| | | | |
|---|---|---|---|
| | | | All Plaintiffs. (Frickleton, James) (Entered: 03/08/2022) |
| 03/08/2022 | 80 | | Motion to allow Luke C. Tompkins to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7837251) filed by James P. Frickleton on behalf of All Plaintiffs. (Frickleton, James) (Entered: 03/08/2022) |
| 03/08/2022 | 81 | | Motion to allow Edward J. Coyne, III to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7837256) filed by James P. Frickleton on behalf of All Plaintiffs. (Frickleton, James) (Entered: 03/08/2022) |
| 03/09/2022 | 82 | | ORDER granting 79 , 80 , 81 motion to appear pro hac vice entered by Clerk of Court. Attorney Luke C. Tompkins, Lynwood P. Evans and Edward J. Coyne, III for Geraldine Brewer and Anastasia Wullschleger allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 03/09/2022) |
| 03/22/2022 | 83 | | ORDER granting 64 motion to dismiss case. Signed on 3/22/22 by District Judge Gary A. Fenner. (Mitchell, Lisa) (Entered: 03/22/2022) |
| 03/22/2022 | 84 | | CLERK'S JUDGMENT (Mitchell, Lisa) (Entered: 03/22/2022) |
| 04/18/2022 | 85 | | NOTICE OF APPEAL as to 83 Order on Motion to Dismiss Case, 84 Clerk's Judgment by Geraldine Brewer, Anastasia Wullschleger. Filing fee $ 505, receipt number AMOWDC–7891364. (Frickleton, James) (Entered: 04/18/2022) |
| 04/18/2022 | 86 | | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 85 Notice of Appeal. (Terry, Jason) (Entered: 04/18/2022) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ANASTASIA WULLSCHLEGER and | ) | |
| GERALDINE BREWER, on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 19-00235-CV-W-GAF |
| | ) | |
| ROYAL CANIN USA, INC. and | ) | |
| NESTLE PURINA PETCARE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Defendants Royal Canin USA, Inc. ("Royal Canin") and Nestle Purina Petcare Company's ("Purina") (collectively "Defendants") Motion to Dismiss. (Doc. # 64). Plaintiffs Anastasia Wullschleger and Geraldine Brewer (collectively "Plaintiffs") oppose. (Doc. # 72). For the following reasons, Defendants' Motion to Dismiss is GRANTED.

## DISCUSSION

## I. BACKGROUND

Plaintiffs filed their Amended Complaint on November 11, 2020, asserting three causes of action: violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.020, 407.025 against Royal Canin (Count I) and Purina (Count II); and conspiracy against Royal Canin and Purina (Count III). (Doc. # 43 ("Am. Compl.")). The Amended Complaint generally alleges that Defendants, as well as others, have developed certain pet food formulations that veterinarians prescribe and are sold at a higher price despite no testing or approval by the United States Food & Drug Administration ("FDA"). (*Id.*). Plaintiffs allege that the prescription-requirement misleads reasonable consumers to believe that these pet food formulations have been

1

tested and approved by the FDA and contain drugs, thus warranting the inflated prices. (*Id.*). The Amended Complaint contains the following allegations relevant to this Motion.

In the 1960s, Hill's Pet Nutrition, Inc. ("Hill's") began selling pet food formulations, called "Prescription Diet," through veterinarians. (*Id.* at ¶ 23). In 2005, Mars Petcare US, Inc. ("Mars") developed and introduced a competing "prescription" pet food. (*Id.*). Royal Canin is a subsidiary of Mars. (*Id.* at ¶ 14). Today, "[s]ome combination of Royal Canin and Mars manufactures, produces, markets, advertises, distributes, and sells Prescription Pet Food sold as Royal Canin 'Veterinary Diet.'" (*Id.*). Purina is also currently manufacturing, producing, marketing, advertising, distributing, and selling prescription pet foods under various brands/labels, including "Purina Pro Plan Veterinary Diets." (*Id.* at ¶ 12).

Plaintiffs admit that the prescription pet food business "requires substantial research and development expertise and investment, the ability to reach veterinary clinics through a separate sales force and distribution network," and "compliance with FDA regulatory requirements and processes." (*Id.* at ¶ 27). Plaintiffs also admit that, while there is overlap between ingredients of prescription pet food and non-prescription pet food, there are differences in the formulations. (*Id.* at ¶¶ 52, 59).

To purchase prescription pet food, one must either (1) purchase it directly from a veterinarian or (2) consult with a veterinarian and obtain a prescription. (*Id.* at ¶ 31). If one obtains a prescription, the consumer may purchase the prescription pet food a pet supply retailer, such as PetSmart or Chewy.com. (*Id.*). At PetSmart, a consumer must present their veterinarian's prescription to the onsite Banfield Animal Hospital ("Banfield"), a subsidiary of Mars. (*Id.* at ¶ 15). Eighteen of PetSmart's 31 Missouri locations houses a Banfield clinic. (*Id.*). Banfield will then issue a "MedCard," which shows the "Rx," "Rx Date," and "Rx #." (*Id.*). These third-party

2

Case 4:19-cv-00235-GAF   Document 83   Filed 03/22/22   Page 2 of 11
Appellate Case: 22-1796   Page: 17   Date Filed: 04/18/2022 Entry ID: 5148218   April 18 2022 p17

retailers advertise the prescription pet food with an "Rx" symbol and note that a veterinarian prescription is required to purchase. (*Id.* at ¶¶ 24-26). However, Royal Canin's packaging contains no "Rx" symbol nor any reference to a prescription. (*Id.* at ¶ 24). Purina's packaging does display an "Rx" symbol but does not reference a prescription. (*Id.*).

Plaintiffs purchase Defendants' prescription pet foods at the recommendation of their veterinarians. (*Id.* at ¶¶ 48, 55). Plaintiff alleges Royal Canin, Purina, and other manufacturing conspirators impose the prescription requirement. (*Id.* at ¶ 5). Plaintiffs do not allege that they reviewed Defendants' advertising, marketing, or product labels before or after purchasing the products. (*See id. generally*). Instead, Plaintiffs assert that, when their veterinarians informed them they needed a prescription for the prescribed food, they both understood and believed the foods contained medicine, and there had been regulatory oversight in the foods' manufacture. (*Id.* at ¶¶ 49, 56). Plaintiffs have continued to purchase these prescription pet foods and will continue to make such purchases if recommended by their veterinarians. (*Id.* at ¶¶ 48, 55, 62). They and other pet owners do so because they "trust their vets" and are "willing[] to follow doctor's orders to their fullest extent." (*Id.* at ¶¶ 6, 30).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A Rule 12(b)(6) motion should be granted only if the non-moving party fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the party to the relief requested. *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

### A. The MMPA Claims

The MMPA "protects consumers by expanding the common law definition of fraud to preserve fundamental honesty, fair play and right dealings in public transactions." *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 407 (Mo. 2014) (en banc) (quotation and citation omitted). The MMPA prohibits "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise." Mo. Rev. Stat. § 407.020.1. "To successfully present a claim under the MMPA, a plaintiff must allege that she (1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of defendant's use of one of the methods, acts or practices declared unlawful by the Act." *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 2d 754, 757 (W.D. Mo. 2015) (citing Mo. Rev. Stat. § 407.025.1).

MMPA claims must satisfy Federal Civil Rule of Procedure 9(b)'s particularity requirements. *See Pollard v. Remington Arms Co., LLC*, No.13-0086-CV-W-ODS, 2013 WL 3039797, at *4 n.2 (W.D. Mo. June 17, 2013); *Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-CV-00010-NKL, 2011 WL 1326660, at *3 (W.D. Mo. Apr. 6, 2011). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts,

4

including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). In other words, a plaintiff must identify the "who, what, where, when, and how" of the alleged fraud. *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citation omitted). General statements and conclusory allegations are insufficient under Rule 9(b). *Neubauer v. FedEx Corp.*, 849 F.3d 400, 406-07 (8th Cir. 2017).

At first glance, it appears Plaintiffs have set forth a prima facie case for a MMPA violation. Plaintiffs allege that they purchased the prescription pet food manufactured by Defendants through third-party retailers such as PetSmart. (Am. Compl., ¶¶ 31, 48, 55). Plaintiffs allege the purchase was for personal or household purposes, specifically to feed their pets. (*Id.* at ¶¶ 48, 55). Plaintiffs additionally allege that the prescription pet food is sold at a substantially higher price because of the prescription requirement and, as a result, Plaintiffs have suffered an ascertainable loss of money. (*Id.* at ¶¶ 4, 54, 61). Finally, Plaintiffs allege the Defendants' enforcement or imposition of a veterinarian prescription requirement upon retailers and consumers as a condition precedent to purchase prescription pet food is unlawful under the MMPA because the prescription requirement "misleads reasonable consumers . . . to believe that such food has been tested and approved by the [FDA], has been subject to government inspection and oversight, and has medicinal and drug properties." (*Id.* at ¶¶ 1, 2, 30).

Defendants argue, however, that these allegations do not meet the particularity requirement of Rule 9(b). (Doc. # 65, pp. 7-12). Specifically, Defendants argue Plaintiffs do not plausibly allege that: (1) Defendants caused their alleged injury; (2) they sustained damages attributable to Defendants' allegedly fraudulent prescription requirement; and (3) the prescription requirement is likely to mislead a reasonable consumer. (*Id.*). Plaintiffs counter, asserting that: (a) other courts

5

have rejected some of Defendants' arguments for dismissal; (b) Defendants have not read the Complaint as a whole and ask the Court to improperly make inferences in Defendants' favor; and (c) Plaintiffs have not waived their MMPA claims by continuing to feed their pets prescription pet food. (Doc. # 72, pp. 7-13). Because the Court finds that Plaintiffs have not plead that Defendants caused their alleged injuries with particularity, it does not address Defendants' other arguments.

Because "the plain language of the MMPA demands a causal connection between the ascertainable loss and the unfair or deceptive merchandising practice," "causation is a necessary element of an MMPA claim." *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008) (citing Mo. Rev. Stat. § 407.025.1). "Thus, even where an MMPA violation occurs, if it does not *cause* an ascertainable loss of money or property—i.e. an injury—a plaintiff cannot sue for the violation." *White v. Just Born, Inc.*, No. 2:17-cv-04025-NKL, 2018 WL 3748405, at *3 (W.D. Mo. Aug. 7, 2018) (emphasis in original).

Viewing all allegations in Plaintiffs' favor and all inferences in their favor, Plaintiffs have not pleaded with particularity that Defendants *caused* their injuries. Neither Plaintiff alleges she saw any advertising, marketing, labeling, packaging, or representations that prompted them to purchase the product or seek a prescription from their veterinarians for Defendants' products. Nor do they allege that they purchased the products because of the prescription requirement. Instead, Plaintiffs state they purchased the prescription pet food because their veterinarians prescribed the products. (Am. Compl., ¶¶ 9-10, 48, 55). Further, Plaintiffs' continued purchases of the purportedly deceptive products and admission that they would purchase more if prescribed by their veterinarians supports that Defendants have not caused Plaintiffs' injuries. *See Missouri ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 962 (Mo. 2008) (en banc) (determining that plaintiffs who "knew about" an alleged MMPA violation and "purchased . . . [the] products anyway," were

not injured by the practice); *see also In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, No. 08-1967-ODS, 2011 WL 6740338, at *5 (W.D. Mo. Dec. 22, 2011) (denying class certification because "it includes individuals who have not suffered an injury in fact," explaining that "[i]ndividuals who knew about BPA's existence and the surrounding controversy before purchasing Defendants' products have no injury").

Plaintiffs argue that two federal appellate courts—the Ninth and Seventh Circuits—have expressly rejected Defendants' causation argument in consumer deception claims concerning prescription pet food. (Doc. # 72, pp. 7-9) (citing *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020) (hereinafter "*Moore I*"); *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730 (7th Cir. 2019)). Both cases are distinguishable. In *Moore I*, the plaintiffs sought recovery under California's consumer protection laws, *Moore I*, 966 F.3d at 1015, while the *Vanzant* plaintiffs sought remedies under the Illinois Consumer Fraud and Deceptive Business Practices Act. *Vanzant*, 934 F.3d at 734. In both cases, the plaintiffs alleged that they received advice from their veterinarians and saw the defendant manufacturers' packaging, marketing materials, and/or advertisements before purchasing the prescription pet food. *Moore I*, 966 F.3d at 1020-21; *Vanzant*, 934 F.3d 739. In this case, Plaintiffs do not allege they saw any of Defendants' advertising, marketing, labeling, packaging, or representations before purchasing the food. (*See generally* Am. Compl.). Instead, they allege that their veterinarians and salespeople at PetSmart told them they cannot buy prescription pet food without a prescription. (Am. Compl., ¶¶ 48, 55). Thus, Plaintiffs' Amended Complaint is devoid of any allegations that Defendants' alleged MMPA violation *caused* them to purchase the food.

Plaintiffs do plead that Defendants, with their alleged co-conspirators, "created and enforced" or "imposed" a prescription requirement on retailers and consumers. (*Id.* at ¶¶ 1, 5, 6,

37, 38). These are conclusory allegations. None of the substantive allegations demonstrate how the named Defendants have "imposed" or "enforced" a prescription requirement. (*See, generally, id.*). Instead, the substantive allegations consist of actions taken by third parties—Chewy.com, PetSmart, and Banfield. (*Id.* at ¶¶ 25, 26, 49, 56).

Regardless, this case is legally distinct from *Moore I* and *Vanzant*. In interpreting the MMPA, the Missouri Supreme Court, en banc, stated that individuals who "knew about" an alleged MMPA violation and "purchased . . . [the] products anyway," or "did not care," were not injured. *See Coca-Cola Co.*, 249 S.W.3d at 862. Although *Coca-Cola* made the statement in the context of class certification, courts have cited this language when dismissing MMPA claims. *See Bratton v. Hershey Co.*, No. 2:16-cv-4322-C-NKL, 2018 WL 934899, at *2-3 (W.D. Mo. Feb. 16, 2018) (dismissing MMPA claim where plaintiff admitted he knew about alleged deceptive practice well before the class period); *Owen v. GMC*, No. 06–4067–NKL, 2007 WL 1655760, at *5 (W.D. Mo. June 5, 2007) (granting summary judgment in favor of defendant where plaintiffs failed to show that they would not have purchased the product had they been aware of the purportedly unlawful practice), *aff'd*, 533 F.3d 913 (8th Cir. 2008); *McCall v. Monro Muffler Brake, Inc.*, No. 10–269, 2013 WL 1282306, at *5 (E.D. Mo. Mar. 27, 2013) (dismissing MMPA claim at summary judgment stage where, *inter alia*, undisputed evidence showed that the named plaintiffs "could not have been misle[ ]d by the disclosures"). It does not appear California or Illinois consumer protection laws have a similar interpretation of the causation standard.

The Court recognizes that Plaintiffs started purchasing the prescription pet food before they discovered the alleged deception. However, Plaintiffs other allegations that they have continued to purchase the product and would purchase a different prescription pet food if recommended by their veterinarians undercuts their claim that the prescription requirement caused their injuries.

8

Coupled with the lack of substantive allegations tying the imposition or enforcement of the prescription requirement by Defendants, Plaintiffs have failed to plausibly allege with particularity a causal connection between Defendants' conduct and Plaintiffs' injuries.

## B. Conspiracy Claim

To state a civil conspiracy claim, a plaintiff must allege: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [the plaintiff] was thereby damaged." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. 2012) (en banc). "In Missouri, if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well." *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 781 (Mo. 1999) (en banc). Plaintiffs' underlying MMPA claims sound in tort. As the MMPA claims fail to state a claim, so too does their civil conspiracy claim.

Moreover, Plaintiffs have failed to allege sufficient facts to establish a meeting of the minds. In the Ninth Circuit's second decision in the *Moore* case, it determined that an identical conspiracy involving the same pet food manufacturers and alleged co-conspirators did not state a plausible claim for relief. *Moore v. Mars Petcare US, Inc.*, 820 F. App'x 573, 576 (9th Cir. 2020) (hereinafter "*Moore II*"). Specifically, the Ninth Circuit concluded the plaintiffs lacked direct evidence and, while showing a common motive, did not plausibly allege a "meeting of the minds" because there were "obvious alternative explanations" for the defendants' conduct. *Id.* at 575-76 (cleaned up). Like the Amended Complaint here, the plaintiffs had alleged "significant barriers to entry" in the prescription pet food mark due to "substantial research and development expertise and investment, the ability to reach veterinary clinics through a separate sales force and distribution network," and "compliance with FDA regulatory requirements and processes." *Compare id.* at

9

576 *with* Am. Compl., ¶ 27. "The higher costs of prescription pet food may therefore be a market reflection of the high amount of investment necessary to develop such products and enter the market." *Moore II*, 820 F. App'x at 576.

Additionally, the Ninth Circuit noted that the conspiracy theory failed to account for the role of other players in the market. *Id.* Both Plaintiffs and the *Moore* plaintiffs acknowledged that other companies produce prescription pet food—for a smaller share of the market—but do not allege how those companies market their products, the prices of the competing products, or if consumers must have a prescription to purchase the competing products. *Compare id. with* Am. Compl., ¶ 27. Further, Plaintiffs' suggestion that one Mars subsidiary (Royal Canin) has the power to exclude competitors from an independent retail chain (PetSmart) because the retail chain houses clinical locations for a second Mars subsidiary (Banfield) is implausible. (Am. Compl., ¶¶ 39-47). First, if Royal Canin and/or Mars had that level of influence over PetSmart, it makes little sense that Royal Canin and/or Mars would allow PetSmart to sell its two major competitors' (Purina and Hill's) products. Second, it seems highly unlikely that Royal Canin or Mars could exert such a high level of control. Banfield employs only 38 veterinarians at PetSmart locations in Missouri. (*Id.* at ¶¶ 15, 17). And PetSmart and Banfield accept prescriptions from veterinarians outside of their network. (*Id.* at ¶ 15). Finally, Plaintiff pleads that Petco sells prescription pet foods and that Plaintiff Brewer purchased prescription pet food directly from veterinarians who are not a part of the alleged conspiracy. (*Id.* at ¶¶ 27, 55). "Given that these other players also produce, sell, and prescribe prescription pet food, their behavior—insofar as it is like that of Defendants—provides a market-based reason for what Plaintiffs allege to be a conspiracy." *Moore II*, 820 F. App'x at 576. Thus, Plaintiffs' civil conspiracy claim fails.

**CONCLUSION**

Plaintiffs have not pled with particularity the causal connection element of a MMPA deceptive practice claim. Nor have Plaintiffs plausibly alleged a civil conspiracy claim. Accordingly, Defendants' Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 22, 2022

Case 4:19-cv-00235-GAF   Document 83   Filed 03/22/22   Page 11 of 11
Appellate Case: 22-1796   Page: 26   Date Filed: 04/18/2022 Entry ID: 5146712 April 18 2022 p26

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **ANASTASIA WULLSCHLEGER and** | ) | |
| **GERALDINE BREWER, on behalf of** | ) | |
| **themselves and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-00235-CV-W-GAF** |
| | ) | |
| **ROYAL CANIN USA, INC. and** | ) | |
| **NESTLE PURINA PETCARE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT IN A CIVIL ACTION

☐     **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒     **Decision of the Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

        IT IS ORDERED that Plaintiffs have not pled with particularity the causal connection element of a MMPA deceptive practice claim. Nor have Plaintiffs plausibly alleged a civil conspiracy claim. Accordingly, Defendants' Motion to Dismiss is GRANTED.

Dated:     March 22, 2022           PAIGE WYMORE-WYNN
                                           Clerk of Court

Entered: <u>March 22, 2022</u>          <u>/s/ Lisa Mitchell</u>
                                           (By) Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| ANASTASIA WULLSCHLEGER and GERALDINE BREWER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |  |
| Plaintiffs-Appellants, | ) ) |  |
| v. | ) ) | Case No. 4:19-cv-00235-CV-W-GAF |
| ROYAL CANIN U.S.A., INC. and NESTLE PURINA PETCARE COMPANY, | ) ) ) ) | NOTICE OF APPEAL |
| Defendants-Appellees. | ) ) |  |

PLEASE TAKE NOTICE that Plaintiffs-Appellants above-named, by and through their undersigned attorneys, hereby appeal to the United States Court of Appeals for Eighth Circuit the final judgment and Order of this Court filed March 22, 2022, dismissing the Plaintiffs' Amended Complaint.

Dated: April 18, 2022

BARTIMUS FRICKLETON ROBERTSON RADER, P.C.

*/s/*James P. Frickleton

James P. Frickleton (MO #31178)
BARTIMUS FRICKLETON ROBERTSON RADER, P.C.
4000 W. 114th St., Suite 310
Leawood, KS 66211
Telephone: (913) 266-2300
Facsimile: (913) 266-2366
Email: jimf@bflawfirm.com

Michael P. Morrill (*pro hac vice*)
POPE MCGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326

Telephone: (404) 523-7706
Facsimile: (404) 524-1648
Email: mikemorrill@pmkm.com
triptomlinson@popemcglamry.com

Daniel R. Shulman (*pro hac vice*)
SHULMAN & BUSKE PLLC
126 North Third Street Suite 402 Minneapolis, MN 55401
Telephone: (612) 870-7410
Facsimile: (612) 870-7462
Email: dan@shulmanbuske.com

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record for all parties.

/s/ *James P. Frickleton*
Attorney for Plaintiffs

2

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

---

| Case Caption: Wullschleger et al v. Royal Canin U.S.A., Inc. et al | Case No.  19-cv-00235-GAF |
|---|---|

---

**Appellant: Anastasia Wullschleger & Geraldine Brewer**

Appellant's Attorney(s):

**Edward Coyne , III**
Email: ejcoyne@wardandsmith.com

**James P. Frickleton**
Email: jimf@bflawfirm.com

**Luke Tompkins**
Email: lctompkins@wardandsmith.com

**Lynwood P Evans**
Email: lpe@wardandsmith.com

**Michael P Morrill**
Email: mikemorrill@pmkm.com

Appellee: **Royal Canin U.S.A., Inc. et al**

Appellee's Attorney(s):

**Benjamin M Greenblum**
Email: bgreenblum@wc.com

**John E Schmidtlein**
Email: jschmidtlein@wc.com

**Michael S. Hargens**
Email:michael.hargens@huschblackwell.com

**Richmond T Moore**
Email: rmoore@wc.com

**Stephen D Raber**
Email: sraber@wc.com

**Jason M. Hans**
Email: jasonh@gmlawpc.com

**Bryan Merryman**
Email: bmerryman@whitecase.com

**Christopher M Curran**
Email: ccurran@whitecase.com

**J Frank Hogue**
Email: fhogue@whitecase.com

Court Reporter(s):

None

Please return files and documents to:
**United States District Court**
**400 East 9th Street, Room 1510**
**Kansas City, MO   64106**

Contact Person for Appeal:
Jason_Terry@mow.uscourts.gov

| Length of Trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| 0 | Paid | No | No |
| Counsel: | Pending Motions? | Local Interest? | Simultaneous Release? |
| Retained | No | No | No |

**Special Comments:**